## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

IN RE:

|  |  |
|---|---|
| VERONICA C BROWN | Case No.  13 B 21837 |
|  | Chapter 13 |
|  |  |
| DEBTOR(S), | Judge Jacqueline P. Cox |

---

## AGREED REPAY ORDER WITH PROVISION FOR STAY RELIEF UPON DEFAULT

---

THIS CAUSE coming on to be heard on the motion of CITIMORTGAGE, INC. (hereinafter "Creditor"), for relief from the automatic stay, the Court having jurisdiction over the subject matter:

**IT IS HEREBY ORDERED:**

1. That Creditor must receive the following payments by the corresponding dates:

    a. $335.16 plus the May 1, 2014 post-petition mortgage payment and late charge on or before the last day of that month;

    b. $335.16 plus the June 1, 2014 post-petition mortgage payment and late charge on or before the last day of that month;

    c. $335.16 plus the July 1. 2014 post-petition mortgage payment and late charge on or before the last day of that month;

    d. $335.16 plus the August 1, 2014 post-petition mortgage payment and late charge on or before the last day of that month;

    e. $335.16 plus the September1, 2014 post-petition mortgage payment and late charge on or before the last day of that month;

    f. $335.15 plus the October, 2014 post-petition mortgage payment and late charge on or before the last day of that month;

2. That Creditor must receive the payments listed in Paragraph #1 on or before the corresponding date. If Creditor fails to receive any one scheduled payment, the repayment schedule is void and if the Debtor fails to bring the loan post-petition current within fourteen (14) calendar days after mailing notification to the Debtor and his attorney, the stay shall be automatically terminated as to Creditor, its principals, agents, successors and/or assigns as to the property securing its interest, upon filing of notice of same with the clerk of the court;

3.     That upon completion of the repayment schedule of paragraph #1 or tender of funds to bring the loan post-petition current under paragraph #2, the Debtor must continue to make "timely" post-petition mortgage payments directly to the Creditor continuing monthly thereafter for the pendency of the bankruptcy;

4.     That a payment is considered "timely", if the full payment is received in the office of the Creditor on or before the 15th day of the month in which it is due and a late charge is due on all payments received after the 15th day of the month (this provision applies only to the triggering of this order and does not affect what constitutes currency of the loan post-petition);

5.     That if Creditor fails to receive two "timely" post-petition monthly mortgage payments and if the debtor fails to bring the loan post-petition current within fourteen (14) calendar days after mailing notification to the Debtor and his attorney, the stay shall be automatically terminated as to Creditor, its principals, agents, successors and/or assigns as to the property securing its interest, upon filing of notice of same with the clerk of the court;

6.     That the Debtor shall make "timely" Chapter 13 plan payments to the trustee beginning with the first payment due the trustee under the plan and continuing monthly thereafter;

7.     That a payment to the trustee is considered "timely" if the full monthly payment is received in the office of the standing trustee on or before the 15th of the month in which it is due;

8.     That if the Debtor fails to make two "timely" trustee plan payments and if the debtor fails to bring the Chapter 13 plan payments completely current within fourteen (14) calendar days after mailing notification to the Debtor and her attorney, the stay shall be automatically terminated as to Creditor, its principals, agents, successors and/or assigns as to the property securing its interest, upon filing of notice of same with the clerk of the court;

9.     Creditor's post-petition bankruptcy fees and costs of $1,026.00 are allowed and may be added to the indebtedness secured by the subject mortgage.  These fees and costs have been included in the repayment schedule described herein.  Creditor is not required to file a Notice of Post-petition Mortgage Fees under Rule 3002.1 for this amount;

10.     In the event that Codilis & Associates, P.C. should have to send out any Notices of Default, the Debtor shall pay an extra $100.00 per notice, as additional attorney fees, in addition to whatever funds are needed to cure the default and that said additional funds must be tendered prior to the expiration of the cure period set forth in the Notice.  Creditor is not required to file a Notice of Post-petition Mortgage Fees under Rule 3002.1 for this amount;

11.     In the event the instant bankruptcy proceeding is converted to chapter 7, dismissed or discharged, this Order shall be terminated and have no further force or effect.

ENTER:     *Jacqueline P. Cox*

*J. Cox*

DATED: **APR 1 6 2014**

_____
UNITED STATES BANKRUPTCY JUDGE

Berton J. Maley ARDC#6209399
Christopher J. Stasko ARDC#6256720
Gloria C. Tsotsos ARDC#6274279
Jose G. Moreno ARDC#6229900
Rachael A. Stokas ARDC#6276349
Peter C. Bastianen ARDC#6244346
Joel P. Fonferko ARDC#6276490
Maria A. Georgopoulos ARDC#6281450
Codilis & Associates, P.C.
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
**C & A File No. (14-14-03083)**